## JOHN H. WEBSTER *versus* ASAEL W. CALDEN & al.

By R. S., c. 71, § 30, if the validity of a sale of real estate by license from a Probate Court is contested by one claiming adversely to the title of the wife, ward, or deceased aforesaid, or by a title not derived through either, the sale shall not be held void on account of any irregularity in the proceedings, if it appears that the license was granted by a court of competent jurisdiction, and the deed was duly executed and recorded.

The mere fact that lands sold for a very small sum compared with their intrinsic value, is not conclusive evidence of fraud.

*John H. Webster, pro se.*

*D. D. Stewart* and *Coburn & Wyman*, for defendants.

APPLETON, C. J.—This is a writ of entry to recover certain lands situated in Skowhegan.

On July 26, 1853, Obadiah Mann conveyed, by deed of quitclaim, certain tracts of land now in controversy to Wm. M. Mann.

The demandant claims title to what was thus conveyed by virtue of a sale under license from the Judge of Probate for the county of Somerset, to the guardian of the heirs of Wm. M. Mann, deceased, and a deed given upon such sale, he being the highest bidder therefor.

The tenant claims to hold the premises in dispute by virtue of a deed from Wm. M. Mann to Obadiah Mann, dated July 28, 1853, and recorded in Somerset Registry, Sept. 14, 1859, deriving his title through various mesne conveyances from said Mann.

The controversy between the parties is whether or not the deed from Wm. M. Mann to Obadiah Mann, dated July 28, 1853, was ever delivered to the grantee during the life of the grantor, and as to this fact there is much conflicting testimony.

If the deed was delivered before the death of the grantor, the demandant has no title to part of the demanded premises; and, in the event the deed from Kerswell, deputy sheriff, of two equities of redemption to Obadiah Mann should be held valid, he has none to the premises thus conveyed.

If the deed was not delivered, the demandant claims the premises therein conveyed by deed from the guardian of the heirs of Wm. M. Mann as before stated.

To this deed the tenants make several objections. But by R. S., 1857, c. 71, § 30, "if the validity of such sale is contested by one claiming adversely to the title of the *wife, ward, or deceased afvresaid,* or by a title not *derived* through *either,* the sale shall not be held void on account of any irregularity in the proceedings, if it appears the license was granted by a court of competent jurisdiction, and the deed was duly executed and recorded." If the deed in question was never delivered, then the tenants do not have a title derived through Wm. M. Mann or his wife or any ward interested in his estate.

This provision is first found in the revision of the statutes in 1841. It is not necessary, therefore, to consider the de-

cisions prior to the passage of this Act, as they become inapplicable so far as they are at variance with its provisions.

The tenants, by section 30, can only contest the demandant's deed on the grounds that the license was not granted " by a court of competent jurisdiction, and that the deed was not duly executed and recorded." But the jurisdiction of the court was unquestioned, and the deed under which the demandant claims was duly executed and recorded.

It is true, various exceptions are taken to the proceedings of the guardian in the sale of the premises in controversy. They might, perhaps, avail the heirs, if they were parties to this suit, and contesting the validity of the sale. But the statute would preclude us from considering the points raised by the learned counsel of the tenants, they not being within its exceptions.

The sale was public. The title to the premises was in controversy. The mere fact that these lands sold for a very small sum compared with their intrinsic value is not conclusive evidence of fraud. It is no fraud on the part of the demandant, that others declined to bid, and that he purchased the premises for an inadequate consideration. Mere inadequacy of price is no reason for avoiding a fair sale at public auction. *Brotherline* v. *Swires*, 48 Penn., 68.

The question in this case involves the character and integrity of the parties by whom the alleged delivery of the deed is proved. A jury, before whom the evidence will be offered, and who will see the witnesses, and from their appearance and manner can judge of the truthfulness of their answers, is the proper tribunal to determine this fact.

*Report discharged.* — *Case to stand for trial.*

CUTTING, WALTON, DICKERSON, BARROWS and DANFORTH, JJ., concurred.